# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: GIOVANNI MARIN IRIZARRY & WALESKA OLIVO SANTIAGO | Case No.: 19-04547 |
| xxx-xx-0979 | Chapter 13 |
| xxx-xx-3849 | [X] Check if this is a pre-confirmation amended plan. |
| | ☐ Check if this is a post confirmation amended plan Proposed by: |
| | ☐ Debtor(s) |
| | ☐ Trustee |
| | ☐ Unsecured creditor(s) |
| **Puerto Rico Local Form G** | ☐ If this is an amended plan, list below the sections of the plan the have been changed. |
| **Chapter 13 Plan dated 8 /24/2020** | _____3.1, and 8.1_____ |

## PART 1: Notices

To Debtor(s):

**This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

To Creditor(s):

**Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors.
(3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in partial payment or no payment to the secured creditor. | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not included |

## PART 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $230.00 | 60 | $13,800.00 | |
| Subtotals | 60 | $13,800.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**2.3 Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

**2.4 Additional payments:**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## PART 3: Treatment of Secured Claims

**3.1    Maintenance of payments and cure of default, if any.**

*Check One.*

☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| ORIENTAL BANK TRUST (POC #15) | 2018 NISSAN TITAN | $715.25<br>☐ Trustee<br>☒ Debtor | $1,583.28 | 0/00 | | |

**3.2    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check One.*

☒ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3    Secured claims excluded from 11 U.S.C. § 506 .**

*Check One.*

☒ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4    Lien avoidance.**

*Check One.*

☒ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5    Surrender of Collateral  .**

*Check One.*

☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

☒ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| GUBE COOP (POC #11) | SAVINGS AND DIVIDENDS |
| AEELA (POC #9) | AEELA RETIREMENT ACCOUNT DEBTOR 1 |

**3.6    Pre-confirmation adequate protection monthly payments ("APMP" to be paid by the truestee.**

☐ Payments pursuant to 11 USC §1326(a)(1)(C):

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

**3.7    Other secured claims modifications.**

*Check One.*

☒ **None.** If "None" is checked, the rest of § 3.7 need not be completed or reproduced.

## PART 4: Treatment of Fees and Priority Claims

**4.1    General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

**4.3 Attorney's fees**

*Check one.*

☐ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

☑ **Fee Application:** The attorneys' fee amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

Attorney's fees paid pre-petition: $ _190.00_
Balance of attorney's fees to be paid under this plan are estimated to be: $ 4,810.00
If this is a post-confirmation amended plan, estimated attorney's fees: $_____

**4.4 Priority claims 4.1 other than attorney's fees and those treated in §§ 4.5, 4.6.**

☑ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

☑ **None**. If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

*Check one.* **4.6 Post confirmation property insurance coverage**

☑ **None**. If "None" is checked, the rest of § 4.6 need not be completed or reproduced.

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☐ The sum of $_____.

☐ _____% of the total amount of these claims, an estimated payment of $_____.

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Other separately classified nonpriority unsecured claims**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## PART 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

[ ] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

Debtor will Assume Contract with FirstBank (Proof of Claim #4).

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1 Property of the estate will vest in the Debtor(s) upon**

*Check all that apply.*

☑ Plan confirmation.

☐ Entry of discharge.

☐ Other: _____ .

**7.2 Plan distribution by the trustee will be in the following order:**

*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)

    5. Distribution on Priority Claims (Part 4, Section 4.5)
    6. Distribution on Unsecured Claims (Part 5, Section 5.2)
    6. Distribution on Unsecured Claims (Part 5, Section 5.3)
    7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1** Check "None" or list the nonstandard plan provisions.

☐ **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2. LIEN RETENTION**: Secured Creditors with Allowed Secured Claims will retain their liens in accordance with Section 1325(a)(5)(B)(i)(I).

**8.3. PROCEEDS FROM UNLIQUIDATED CLAIM:** Debtor alleges an unliquidated claim against one or more parties. If during the terms of the Plan the Debtor receives any proceeds from the adjudication, settlement and/or any other disposition of the referenced claim; any non-exempt proceeds received from such claim will be used to fund the Plan.

**8.4. PAYMENT/DISTRIBUTION ON SECURED AND/OR PRIORITY CLAIMS:** Any payment and/or distribution on any secured and/or priority claim, which is listed for or provided for under Section 3.1, 3.2, 3.3, 3.5 or 3.7 or Section 4.4, 4.5 or 4.6 of this Chapter 13 Plan is specifically subject to and/or conditioned upon such secured or priority creditor being deemed the holder of an "Allowed Claim" in at least such an amount. Conversely, where the secured or priority creditor is deem to hold an "Allowed Claim' in an amount less than the amount provided for herein or holder of a not "Allowed Claim" (i.e., where the claim is disallowed) then and notwithstanding the amount set-forth in Section 3.1, 3.2, 3.3, 3.5 or 3.7 or Section 4.4, 4.5 or 4.6 of the Plan or the intervening confirmation of this Plan, the secured and/or priority creditor shall only be entitled to a payment up to the amount of its "Allowed Claim."

**8.5. RESERVATION OF RIGHTS**: DEBTOR RESPECTFULLY RESERVES THE RIGHT TO MODIFY THE PAYMENTS PROVISIONS OF THIS PLAN, IN COMPLIACE WITH THE BANKRUPTCY CODE, AFTER THE BAR DATE HAS PASSED AND/OR THE OBJECTIONS TO CLAIM, IF ANY, HAS BEEN ADJUDICATED. THE DEBTOR AND/OR ANY OTHER PARTY IN INTEREST RESERVES THE RIGHT TO FILE AN OBJECTION TO A PROOF OF CLAIM AFTER THE PLAN HAS BEEN CONFIRMED.

**8.6. EFFECTIVE DATE OF PLAN**: The Effective Date of the Plan shall be the Date this Honorable Court enters an Order Confirming the instant Chapter 13 Plan.

**8.7. INSURANCE:** Debtor will maintain vehicles insure at all relevant times. After maturity date, if needed. Debtor will pay for auto Insurance directly and will provide a copy of such Insurance to creditor.

## PART 9: Signature(s)

/s/ Jesus Batista
Signature of attorney of Debtor(s)

Date: 8/24/2020

*Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)*

**By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.**

Puerto Rico Local Form G (LBG-G)            Chapter 13 Plan            Page ___