# IN THE UNITED STATE BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

IN RE:

GIOVANNI MARIN IRIZARRY
WALESKA OLIVO SANTIAGO
**DEBTOR (S)**

FIRSTBANK Puerto Rico
**MOVANT**

GIOVANNI MARIN IRIZARRY
WALESKA OLIVO SANTIAGO
ALEJANDRO OLIVERAS RIVERA
**RESPONDENT (S)**

CASE NO.: 19-04547 (**BKT**)

CHAPTER 13

## ENTRY OF ORDER TO DEEM THE LEASE REJECTED

TO THE HONORABLE COURT:

COMES NOW, Movant FIRSTBANK PUERTO RICO: - First Leasing, through its undersigned attorney and very respectfully states and preys with the corresponding memorandum of law in compliance with Local Rule Bankruptcy L Rule 9013-2:

**I. JURISDICTION.**

1- The jurisdiction of the Honorable Court is ascertain under Title 28 USC§1334, Title 28 USC §157, 11 USC §365 (1) (A), (B), and (C) on Executory Contract and Unexpired Leases, and 11 USC §1322 (a) (7) on Contents of Plan, and 11 USC §1327 (a) on Effect of Confirmation.

**II. STATEMENT OF FACTS.**

2. The debtor(s) filed a voluntary petition under chapter 13 of the Bankruptcy Code back on August 9, 2019, more than one (1) year ago; which operates as a stay, applicable to all entities, of - (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3)

Case:19-04547-BKT13 Doc#:70 Filed:09/23/20 Entered:09/23/20 12:14:42 Desc: Main
Document Page 2 of 10

Case No. 19-04547 [BKT]
FIRSTBANK Puerto Rico: FIRST LEASING
Objection & Memorandum of Law
Page 2 of 10

2

any act to obtain possession of property of the estate or of portion from the estate or to exercise control of any property of the estate; …. *11 USC §362 (a) (1), (2), (3), et seq*

3. On August 21, 2020, Movant filed a proof of claim to a personal lease agreement contract for the amount of $45,047.00 dollars under account number 1611. See, Clm. Reg. 4.

4. The debtor has proposed three (3) plans: dated August 9, 2019; January 30, 2020; and August 24, 2020. The propose plan provides for the assumption of the personal lease with FirstBank Puerto Rico: First Leasing; but does not provide for the assumption of the lease, for the correct insurance quote and for the residual value. More than one (1) year has elapsed and still after one year the proposed plan does not provide for the assumption of the lease. Even though, First Leasing has request to the Debtors before the Honorable Court in three (3) occasions to provide for its lease. Therefore, under BAPCPA 2005 one can only arrived at the conclusion that the Debtors has exercised their right to reject the lease. See, Bkcy Dck 2, 16, 29, 32, 64 and 66.

5. The Confirmation Hearing is scheduled for September 24, 2020. Under the latest propose plan dated August 24, 2020 still there is no provision for the assumption of the personal lease with First Leasing. It is Movant contention that Title 11 USC §365 (b) (1) (A) (B) and (C), on Executory Contracts and Unexpired Leases sets the rule; thus, this provision is contrary to the provisions under 11 USC §365 and in that same line objects to the confirmation of the plan as proposed.

**V. DISCUSSION: OF LEGAL BASIS FOR THE OBJECTION.**

Bankruptcy L Rule 9013-2 (a) specifically provides that except as provided in subsection (b) of this LBR, any motion or response thereto must be accompanied by supporting memorandum that contains the points and authorities in support of the party's position, together with any affidavits or documents in support thereof.

6. Title 11 USC §1322 (b) (7) provides:

> **(b)** Subject to subsections (a) and (c) of this section, the plan may—
>
> > … **(7)** subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section; …

7. Title 11 USC §365 provide that:

> **(a)** Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
> **(b)**

**Case No. 19-04547 [BKT]**
**FIRSTBANK Puerto Rico: FIRST LEASING**
**Objection & Memorandum of Law**
**Page 3 of 10**

3

> **(1)** If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
>> **(A)** cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;
>>
>> **(B)** compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>>
>> **(C)** provides adequate assurance of future performance under such contract or lease

8. Bankruptcy Rule 6006 sets the procedures to Assume, Reject or Assigned an Executory Contract of Unexpired Lease. To that effect, BR 6006 provides:

> (a) PROCEEDING TO ASSUME, REJECT, OR ASSIGN. A proceeding to assume, reject, or assign an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014.
>
> (b) PROCEEDING TO REQUIRE TRUSTEE TO ACT. A proceeding by a party to an executory contract or unexpired lease in a chapter 9 municipality case, chapter 11 reorganization case, chapter 12 family farmer's debt adjustment case, or chapter 13 individual's debt adjustment case, to require the trustee, debtor in possession, or debtor to determine whether to assume or reject the contract or lease is governed by Rule 9014.
>
> (c) NOTICE. Notice of a motion made pursuant to subdivision (a) or (b) of this rule shall be given to the other party to the contract or lease, to other parties in interest as the court may direct, and, except in a chapter 9 municipality case, to the United States trustee.

9. Section 365 deals with two kinds of pre-bankruptcy transactions: (1) "executory contracts" and (2) "**unexpired leases**". Neither of these quoted phrases are defined anywhere in the Code. The trustee

Case No. 19-04547 [BKT]  4
**FIRSTBANK Puerto Rico: FIRST LEASING**
**Objection & Memorandum of Law**
Page 4 of 10

may elect either of "reject" (i.e. "breach"), "assign" (i.e. "transfer") or "assume" (i.e. "retain") any such contract or lease. …the requirements in subsection (C) also apply to assumptions. An assumption must also satisfy the various requirements of assumption of subsection (b) if and only if there was a pre-bankruptcy default…. <u>3 Collier on Bankruptcy</u>, ch. 365 (Matthew Berner)

10. Section 365 (a) of the Code requires court approval for the assumption or rejection of an executory contract by the trustee of debtor in possession… FBRP 6006 provides a procedure for obtaining court approval. Subdivision (a) by referring to Rule 9014 requires a motion to be brought for the assumption, rejection, or assignment of an executory contract. Normally, the motion will brought by the trustee, debtor in possession or debtor in a chapter 13. The authorization to assume a contract and assign it may be sought in a single motion and determined by a single order. <u>10 Collier on Bankruptcy</u>, chs 6006 and 9014 (Matthew Berner), Advisory Committee Note – FRBP 6006

11. The auto lease is assumed in the chapter 13 when the debtor wants to keep the car. <u>Assuming the lease means the debtor agrees to abide by the terms of the auto lease</u>. The entire contract must be assumed or rejected. The terms of the lease cannot be changed as it relates to the regular monthly payments of weekly payments on the lease. Typically the terms include the continuance of timely payments and maintaining auto insurance. <u>A debtor cannot partially assume a lease; the lease must be assumed in its entirety or not at all</u>. Therefore, a debtor cannot pick the favorable provisions, and reject the unfavorable provisions. The chapter 13 plan can give the debtors no greater rights in the vehicle than exist outside of bankruptcy. The court in, <u>In re Calloway</u>, Case No. 1050531, MDNC, <u>Winston-Salem Division, J. Aron</u> (Oct. 28, 2010), quoting <u>In re Olympia Holding Corp.</u>, 188 BR 287, 295 (M.D. Fla. 1994); <u>In re PSA, Inc</u>. 335 B.R. 580, 588 (Bankr. D. Del. 2005).; <u>In re Gull Air, Inc</u>. 890 F2nd 1255, 1261 (1rst Cir. 1989) Property rights are determined by State Law. <u>Butner v United States</u>, 440 U.S. 48, 55 (1979)

12. One of the quintessential principles of the Bankruptcy Code is that when a debtor assumes an executory contract, it must assume the contract as a whole – a debtor cannot cherry pick the contract provisions it wants to assume while rejecting others. Recent bankruptcy court decisions –<u>In re Contract Research Solutions, Inc</u>. – demonstrate a growing trend among debtors to test the parameters of this general rule. But they also provide guidance to parties on how they can structure their agreements to limit or expand a counterparty's ability to selectively assume contract provisions in bankruptcy.

13. Section 365 of the U.S. Bankruptcy Code authorizes a debtor, with the court's approval, to assume or reject executory contracts and unexpired leases that are part of the bankruptcy estate. This section gives a reorganizing debtor an opportunity to withdraw from burdensome contractual obligations

Case:19-04547-BKT13 Doc#:70 Filed:09/23/20 Entered:09/23/20 12:14:42 Desc: Main
Document Page 5 of 10

Case No. 19-04547 [BKT]
FIRSTBANK Puerto Rico: FIRST LEASING
Objection & Memorandum of Law
Page 5 of 10

5

while maintaining beneficial contracts. If a debtor assumes an unexpired lease, the landlord is effectively forced to continue leasing the affected property to the debtor. (Any lease a debtor assumes must be assumed in its entirety, *cum onere,* taking the bad with the good. National Labor Relations Board v. Bildisco and Bildisco, 465 U.S. 513, 531 (1984).) If the debtor rejects a lease, the rejection is treated as a breach of contract occurring immediately before the commencement of the bankruptcy case. While rejection gives the property owner a claim against the debtor's estate, this claim is not given any priority over those of unsecured creditors. *See* 11 U.S.C. §§356(g) and 502(g).

14. In that line, the Court in In re Contract Research Solutions, Inc., 2013 Bankr. LEXIS 1784 (Bankr. D. Del. May 1, 2013), the debtor sought to reject the third amendment to a real property lease that it sought to assume, arguing that it was severable from the lease and the prior two amendments because, among other things, it was for a different building. In rejecting the debtor's argument, the Bankruptcy Court for the District of Delaware found that (1) the third amendment explicitly stated that it amended and ratified the lease, (2) the obligations in the lease and the third amendment involved the same two parties and the same subject matter, and (3) the parties' obligations were mutually dependent and interrelated. In addition, the court found it significant that the parties had entered into a separate lease for space in another building, which demonstrated that they were capable of making a truly separate agreement. Based on these factors, the bankruptcy court held that the third amendment and the lease were a single, indivisible agreement that could not be severed.

15. Under 11 USC §1322 (a) (7) a debtor can assume an unexpired lease for a car in a chapter 13. The Honorable Court shall take notice that this right is subject to the provisions of sections 365. To that effect the Code is clear: … "If there has been a default in the executory contract or unexpired lease of the debtor, the chapter 13 debtor may not assume the lease unless, at the time of assumption of such contract or lease, [the debtor] -

> **(A)** Cures, or provides adequate assurance that the trustee will **promptly cure**, such default…
> **(B)** Compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> **(C)** Provides adequate assurance of future performance under such contract or lease."

16. Learned treatises in chapter 13, interpreted that payments due at the petition under a lease, rental contract or other executory contract are ordinary prepetition claims in chapter 13 case, but get

Case:19-04547-BKT13 Doc#:70 Filed:09/23/20 Entered:09/23/20 12:14:42 Desc: Main
Document Page 6 of 10

Case No. 19-04547 [BKT]
FIRSTBANK Puerto Rico: FIRST LEASING
Objection & Memorandum of Law
Page 6 of 10

6

special treatment through the plan. That is way, if a debtor assumes a prepetition lease or executory contract under §365 and §1322 (b) (7), the prepetition defaults must be cured "promptly" (or faster) consistent with §365 (b) (1). Keith M Lundin & William H Brown, Chapter 13, 4th Edition, §296.1, at ¶ [1], Sec Rev June 30, 2004

17. But, what constitutes "prompt" in order to assert a lessor should be entitled preferential *and/or* special treatment of the cure on its pre-petition lease arrears? The Code is silent; indeed, the term "promptly cure" and "adequate assurance" of such prompt cure are not defined buy the Code. But, case law is not silent. The general rule is that the cure of monetary defaults under 11 USC §365 must be made at or near the time the contract is assumed. ABI Journal, Vol. XXIII, no. 1, February 2004

18. To that effect, when the bankruptcy court in In re Reed, was faced with the request of a Creditor that moved for the reconsideration of the confirmation of debtor's chapter 13 plan, under which debtors' had 18 months to cure their lease arrears, the Reed Court ruled that **six months was the maximum permissible period of time in which debtors could cure their automobile lease arrears**. In re Reed, 226 B.R. 1 (Bkcy. W.D.Ky. 1998) Here, the Court agrees with the various Courts, and learned treatises which have held that the prompt cure provisions of 11 USCA §365 (b) (1) which requires a "cure" to be effectuated in a far shorter time than contemplated by the provisions of governs cures of 11 USCA §1322 (b) (5) which governs cured of arrearage on long term debts. The Court followed in generally the rulings in Matter of DiCamillo, 206 B.R. 64 (Bkcy. D.N.J. 1997); Lundin, Chapter 13 Bankruptcy, 4-91 (1997); see as well In re Morgan, 181 B.R. 579 (Bkcy N.D. Ala. 1991)

19. The Reed Court also concluded that after considering the scant precedent, ...unless the parties otherwise agreed, the Court will have to determine, on a case by case basis, what constitutes "prompt cure" for purposes of 11 USCA §365 (b) (1). In cases such as these the Court listed the following items that should be considered:

      1. the nature of the lease property;
      2. the provisions of the lease;
      3. the amount of the arrearage under the lease;
      4. the remaining term of the lease; and
      5. the provisions of the debtors proposed plan.

20. In the case of In re Daugherty, 102 B.R. 167 (Bkcy. E. D. Mo. 1989) the court lifted the stay in favor of the lessor. The Daugherty Court "announced its Findings and Conclusions from the bench"

Case:19-04547-BKT13 Doc#:70 Filed:09/23/20 Entered:09/23/20 12:14:42 Desc: Main
Document Page 7 of 10

Case No. 19-04547 [BKT]  
FIRSTBANK Puerto Rico: FIRST LEASING  
Objection & Memorandum of Law  
Page 7 of 10

7

(*quoting the court*). Here a chapter 13 debtor sought to assume a lease unexpired sublease agreement with leasee of car. The court ruled that –

> **Assumption of an unexpired lease requires an assurance that the Debtor or the trustee will promptly cure the default associated with the lease. See, USC §362 (b) (1) (A). In the present case, the default by means of the chapter 13 trustee's distributions to Mr. Bajardi concurrently with distributions upon secured claims held by three other creditors. The default to Mr. Bajardi, therefore, would not be cured until more than one year after the commencement of the case.** The Court has concluded that this provision of the proposed plan does not promptly cure the default as required by section 365 (b) (1) (A). The Debtor's plan is not otherwise capable of being confirmed.

21. Following that line of cases, the Bankruptcy Court in General Motors Acceptance Corp. v Roosevelt Lawrence ruled upon an action brought by the owner and holder of an automobile lease to compel the assumption or rejection of the lease and the curing of a prepetition default for $554.10 dollars, that –

> **It seems unlikely that a period in excess of one year would be considered by this Court to be a prompt cure of a default under section 365 (b) (1) (A)**. More likely, the term "promptly" demands a more immediate payment than "a reasonable time". General Motors Acceptance Corp v Lawrence, 11 B.R.44, 45 (Bkcy N.D. Ga. 1981); See as well, In the Matter of Gary DiCamillo, 206 B.R. 64 (Bkcy D.N.J. 1997) Keith M Lundin, Chapter 13 Bankruptcy, §4.89 at 4-91(2nd Ed.1994) Other courts rejecting longer terms are, In re Flugel, 1997 B.R. 92 (Bkcy S.D. Cal 1996) (propose cured over 10 years not prompt); In re Embers 86th St., Inc. 184 B.R. 892 (Bkcy S.D.N.Y. 1995) (29 months); In re Liggins, 145 B.R. 227 (Bkcy E.D. Va. 1992) (48-60); In re Lloyd. No 92-12508S, 1992 WL 167067 (Bkcy E.D. Pa. July 6, 1992) (3-5 years); In re Yokley. 99 B. R. 394 (Bkcy M.D. Tenn. 1989) (2 years)

22. As we mentioned at the beginning of this discussion, the assumption of a contract involves its reaffirmation by the debtor or the trustee. The entire contract must be assumed or rejected. Its provisions cannot be "cherry picket". As provided under 11 USC 365 (b) (1) (A) (B) (C) a debtor or trustee may assume an executory contract or an unexpired lease that is in default, only if the debtor or trustee "cures, compensates, and assures", meaning that it:

Case:19-04547-BKT13 Doc#:70 Filed:09/23/20 Entered:09/23/20 12:14:42 Desc: Main
Document Page 8 of 10

Case No. 19-04547 [BKT]
FIRSTBANK Puerto Rico: FIRST LEASING
Objection & Memorandum of Law
Page 8 of 10

8

(A) cures or provides adequate assurance it will promptly cure defaults; (B) compensates, or provides adequate assurance it will be promptly compensate, the counterparty for actual pecuniary loss resulting from default; and (C) **provides adequate assurance of future performance.**

23. Pertaining to "the adequate assurance of future performance", this requirement will be met if debtors' proposal contains three basic safeguards. **First of all, the debtor must earn sufficient disposable income to allow him to pay the arrearage and costs within the time period specified, in addition to his other plan payments. Second, the debtor must make current rent payments as they fall due. Third, the lessor must be given a quick and relatively inexpensive avenue for obtaining relief from the stay if the debtor either defaults on any current rent payments or any prompt payment.** In re Morgan, 181 B.R. 579 (Bkcy N.D. Ala. 1994)

24. Furthermore, Bankruptcy Courts have ruled that: "The mere filing of a plan of reorganization providing for the assumption will not satisfy the statutory requirements if the plan is not served upon the party to the contract or lease." In re Jennings, 204 BR (Bankr. W.D.Wash. 1997); Accord In re Ford, 159 BR 930 (Bankr. W.D. Wash. 1993) Likewise, bankruptcy courts ruled that: "A court may reject debtor's motion to assume for failure to express a "clear, unequivocal, affirmation to assume" and set forth the "minimal cure, compensation, and adequate assurance requirements." In re Ford, 159 BR 930 (Bankr. W.D. Wash. 1993)

25. Section 1326(a) (4) provides that:

> Not later than 60 days after the date of filing a case under this chapter, a debtor retaining possession of personal property subject to a lease or securing a claim attributable in whole or in part to the purchase price of such property shall provide the leassor or secured creditor reasonable evidence of the maintenance of any required insurance coverage with respect to the use or ownership of such property and continue to do so long as the debtor retains possession of such property.

**VI. CONCLUSION & PLEA.**

Section 365 of the Bankruptcy Code provides that a bankruptcy trustee or debtor in possession, subject to Court approval, *may* under certain conditions assume or reject an executory contract or unexpired lease. If the bankruptcy trustee or the debtor assumes a lease, promptly cure of any arrearages must be provided as well as adequate assurance of future performance must be provided. **11 USC §365 (b)** In this

Case No. 19-04547 [BKT]
FIRSTBANK Puerto Rico: FIRST LEASING
Objection & Memorandum of Law
Page 9 of 10

9

case the debtors file for relief on August 9, 2019. More than one (1) year ago. On August 21, 2020, Movant filed a proof of claim to a personal lease agreement contract for the amount of $45,047.00 dollars under account number 1611. See, Clm. Reg. 4. The debtors have proposed three (3) plans: dated August 9, 2019; January 30, 2020; and August 24, 2020. The propose plan provides for the assumption of the personal lease with FirstBank Puerto Rico: First Leasing; but does not provide for the assumption of the lease, for the correct insurance quote and for the residual value. More than one (1) year has elapsed and still after one year the proposed plan does not provide for the assumption of the lease. Even though, First Leasing has request to the Debtors before the Honorable Court in three (3) occasions to provide for its lease. Therefore, under BAPCPA 2005 one can only arrived at the conclusion that the Debtors has exercised their right to reject the lease. See, Bkcy Dck 2, 16, 29, 32, 64 and 66. The Confirmation Hearing is scheduled for September 24, 2020. Under the latest propose plan dated August 24, 2020 still there is no provision for the assumption of the personal lease with First Leasing. It is Movant contention that Title 11 USC §365 (b) (1) (A) (B) and (C), on Executory Contracts and Unexpired Leases sets the rule; thus, this provision is contrary to the provisions under 11 USC §365 and in that same line objects to the confirmation of the plan as proposed.

The subject of the personal lease is the automobile. Vehicles are used to for most families to buy basic necessities such as food and clothing. Actual use of the vehicle provides a direct benefit to the estate the form of continued payments when the car is used to facilitate work. Last, but not least, it is Movant's contention that *if* the Honorable Court approves the assumption of the lease by these debtors, then that lease must be assumed in its entirely, and all its provisions must be complied by the debtor in accordance to the clauses under the lease contract; being so that the Debtor(s) has not evidenced compliance with the requirements under the lease contract and the Code, Movant request for the Lease to be Deem Rejected.

WHEREFORE, in as much as after one (1) year there is no provision for Movants lease; Movant respectfully requested from this Honorable Court to enter an order for the Lease to be Deem Rejected, and the stay to be lifted against the personal property subject of the lease under 11 USC §365 (b) (1) (A) (B) (C).

Respectfully submitted to this Honorable Court,

Case:19-04547-BKT13 Doc#:70 Filed:09/23/20 Entered:09/23/20 12:14:42 Desc: Main
Document Page 10 of 10

Case No. 19-04547 [BKT]
FIRSTBANK Puerto Rico: FIRST LEASING
Objection & Memorandum of Law
Page 10 of 10

10

## RESPONSE TIME NOTICE

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

Rule 9013-1 (h)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this the same day of the filing of this motion the a copy of this Motion its being sent by the CM/ECF Bankruptcy System, at the address authorized on the docket, to : - the Debtor(s) counselor JESUS ENRIQUE BATISTA SANCHEZ, - to Atty. Alejandro Oliveras Rivera//Atty. José Carrión Morales, the Chapter 13 - US Trustee, - to all the creditor's in the List of Creditors, and by first class mail to the Debtor's GIOVANNI MARIN IRIZARRY & GIOVANNI MARIN IRIZARRY, at the address on record, URB. VILLAS DE SAN AGUSTIN, C 7 SAN AGUSTIN AVE., BAYAMON, PUERTO RICO 00956.

In San Juan, Puerto Rico, this 23rd day of September 2020

BY: /s/ María M. Benabe Rivera
María M. Benabe Rivera
Attorney for Movant - US - DC 208906
Maricarmen Colón Díaz – US – DC 211410
FIRSTBANK Puerto Rico
Centro de Servicios al Consumidor – Código 248
1130 Muñoz Rivera Ave., Rio Piedras, P R
PO Box 9146, San Juan, PR 00908-0146
maria.benabe@firstbankpr.com
(787)729-8135 / (787)729-8276 [Rev. 3/1/2017]